**WILLIAM M. NARUS, CAB #243633**
Acting United States Attorney
District of Oregon
**THOMAS S. RATCLIFFE, ILSB #6243708**
Assistant United States Attorney
Thomas.Ratcliffe@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **TOBIN COPELAND-TURNER**,<br>Plaintiff,<br>v.<br>**UNITED STATES OF AMERICA**,<br>Defendant. | Case No. 25-cv-1093-AR<br><br>DEFENDANT UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT |

Defendant, United States of America, by William M. Narus, Acting United States Attorney for the District of Oregon, through Thomas S. Ratcliffe, Assistant United States Attorney, hereby submits its Answer to Plaintiff's Complaint.

## GENERAL DENIAL

Defendant denies all allegations not specifically admitted.

## ALLEGATIONS

Defendant admits that DEA agents forcibly entered Plaintiff's rental property but asserts that agents did so with lawful authority.

Defendant lacks sufficient knowledge or information to form a belief about how long the rental property was "unrentable" and therefore denies that allegation.

Defendant admits that Plaintiff filed a claim for damages.

Defendant admits that Plaintiff communicated with DEA officials, who eventually offered a settlement which Plaintiff refused.

Defendant lacks sufficient knowledge or information to form a belief about the number of inquiries Plaintiff made to DEA officials, or whether any DEA official "refused to reply," and therefore denies those allegations.

Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in Plaintiff's complaint and therefore denies them.

## AFFIRMATIVE DEFENSES

1. No negligent act or failure to act by the United States or its agents or employees was the actual cause or proximate cause of the injuries or damage alleged in the Complaint or otherwise.

2. Damages against the United States, if any must be offset and reduced by any funds paid or to be paid by the United States, including any federal agency.

3. To the extent Plaintiff's Complaint addresses allegations not raised in Plaintiff's administrative claims, Plaintiff's complaint is barred by 28 U.S.C. § 2675(a).

4. Plaintiff's claims are subject to the limitations of the Federal Tort Claims Act contained in 28 U.S.C. § 2680.

5. If any liability is attributed to the United States, it is limited to the United States' proportionate share of the fault. To the extent damages claimed by Plaintiff are the fault of Plaintiff or of any third-party, Plaintiff's recovery must be reduced in accordance with O.R.S. § 31.600.

6. Plaintiff's claims are barred or diminished as a result of a failure to exercise reasonable care in mitigating damages.

7. Plaintiff's recovery, if any, is limited to the amount of each claim that Plaintiff presented administratively. 28 U.S.C. § 2675(b).

8. All future damages, if any, must be reduced to present value.

9. The United States hereby reserves the right to plead all other affirmative defenses or any applicable state and federal statutes that through discovery may become applicable.

WHEREFORE, having fully answered all counts of the Complaint, Defendant prays that the Plaintiff take nothing by way of his Complaint, that the same be dismissed, that judgment be rendered in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

Respectfully submitted this 7th day of July 2025.

WILLIAM M. NARUS
Acting United States Attorney
District of Oregon

***/s/ Thomas S. Ratcliffe***
THOMAS S. RATCLIFFE
Assistant United States Attorney